Rivera, Plaintiff and Appellee, *v.* Rivera et al., Defendants and Appellants.

Appeal from the District Court of Mayagüez in an Action for Partition.

No. 1364.—Decided June 23, 1916.

Complaint—Demurrer—Ambiguity.—When it does not appear from the transcript of the record that the defendant demurred to the complaint when the case was tried *de novo* in the district court, it must be presumed that any ambiguity therein was waived by the defendant.

Nullity of Sale—Amount—Jurisdiction.—When an action is brought to determine the nullity or validity of a sale made for the sum of five hundred dollars, an amount is involved of which the municipal court has jurisdiction.

ID.—CONSPIRACY—KNOWLEDGE OF CONSPIRACY.—Although it is not alleged in an action for the nullity of a sale of certain properties because of conspiracy between the defendants that one of them knew of the conspiracy, if it is shown that the contract was without consideration and was simulated in order to prejudice the rights of the plaintiff it states facts as to both of the contracting defendants to warrant a decree of nullity, for what is done dissemblingly is void.

The facts are stated in the opinion.

*Mr. Angel A. Vázquez* for the appellants.

*Mr. Benito Forés* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Domingo Rivera Barrientes brought an action in the Municipal Court of San Germán against José de las Mercedes Rivera and María de la Paz Vélez for the annulment of a deed dated April 27, 1912, whereby the first of the defendants sold to the second his joint interests in certain properties for the sum of $500, and for the cancellation of the records thereof in the registry of property.

Judgment having been rendered for the plaintiff, the defendants appealed to the District Court of Mayagüez, where the said action, to which another had been joined, was tried *de novo* and judgment was entered annulling the said sale and ordering the cancellation of the records thereof in the registry.

From that judgment the defendants took the present appeal, but have not filed a statement of the evidence introduced at the trial or a bill of exceptions; consequently limiting the grounds of error to the contention that the municipal court had no jurisdiction of the action, that the complaint does not state facts constituting a cause of action and that it is ambiguous and uncertain.

As it does not appear from the transcript of the record that the defendants demurred to the complaint at the trial *de novo* in the district court, we must presume that if there existed any ambiguity in the complaint the defendants waived their right to have the same made clearer and confine ourselves to a consideration of the two remaining grounds of

objection, inasmuch as these may be properly submitted to us although they were not raised in the lower court.

The appellants maintain that the municipal court had no jurisdiction of the action because its object was the annulment of a deed and, therefore, no sum of money being involved, the district court had original jurisdiction, citing the case of *Ferraioli* v. *Registrar of Property,* 21 P. R. R. 477, in support of their contention.

That case does not sustain the contention of the appellants, for although it was there held that the municipal court did not have jurisdiction of the action, this was because its object was to compel the defendants to prosecute in the court having jurisdiction a proceeding for designation of heirs, a matter which did not involve a sum of money. But in that same case we held that municipal courts have jurisdiction of civil cases in which the subject-matter is susceptible of being assessed and reduced to a money value provided the amount, including interest, does not exceed $500; and in the later case of *Sabathié et al.* v. *Registrar of Ponce,* 23 P. R. R. 302, involving a deed of sale executed in compliance with a judgment of a municipal court rendered in an action brought for the purpose of compelling the defendant succession to execute a deed of sale based on a consideration of $480 previously paid to the predecessor in interest who made the sale, we cited the case of *Ferraioli, supra,* and after considering the question of the jurisdiction of the said court of the action, held that it had such jurisdiction and ordered that the instrument be recorded.

Therefore, as the object of the present action is to determine the nullity or validity of a sale for the sum of $500, a sum of money is involved and the said amount appearing in the complaint must be taken as a basis in order to decide whether the municipal court had jurisdiction of the action.

As regards the other question of whether the complaint states facts constituting a cause of action, it is sufficient to say, without repeating all the allegations thereof, that it

alleges, among other things, that the plaintiff and defendant José Mercedes Rivera are the designated heirs of their brother, Rosendo Rivera; that by a public instrument of March 20, 1900, the said defendant, for value received, assigned to the plaintiff all his right, title and interest in the estate of Rosendo Rivera and that notwithstanding this assignment of his rights of inheritance, said defendant José Mercedes Rivera, in collusion with his mother, María de la Paz Vélez, the other defendant, executed the simulated public instrument of April 27, 1912, in which the mother appears as purchasing from the son the said rights and interests in the estate described in the complaint for the sum of $500, no such consideration having passed, inasmuch as she has no property because she has always been insolvent and is not engaged in any business or work that would enable her to possess that amount, the object of the contract being to prejudice the interests of the plaintiff and the deed having been admitted to record because the estate appeared recorded in the registry in the names of the heirs.

The appellants contend that these allegations are not sufficient as to defendant María de la Paz Vélez because it is not alleged that she knew of the assignment of his hereditary interests by her grantor to the plaintiff, and that to constitute conspiracy there must be more than one person and all must have knowledge among themselves of the conspiracy.

Although it is true that no such knowledge is alleged in the complaint, as it alleged that no consideration passed between the defendants and that the contract was simulated in order to defraud the plaintiff, it states facts as to both defendants on which to base a judgment of nullity, for simulated acts are void. *Hernández* v. *Fernández,* 17 P. R. R. 103.

The judgment appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.